(C.D. 3229)

Montgomery Ward & Co., Inc. *v.* United States

United States Customs Court, First Division

(Decided December 14, 1967)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Watson and Beckworth, Judges

Beckworth, Judge: The merchandise involved in this case consists of luggage imported from Japan and entered at the port of New York on November 12, 1964. It was assessed with duty at 40 per centum ad valorem under item 706.24 of the Tariff Schedules of the United States and is claimed to be dutiable at 20 per centum ad valorem under item 706.60 of said tariff schedules.

This case has been submitted on a stipulation of counsel for the respective parties reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, as follows:

1. That the merchandise covered by the subject entry and protest marked "A" and initialed JJT (Commodity Specialist's Initials) by Commodity Specialist John J. Tracy (Commodity Specialist's Name), and assessed with duty at the rate of 40% under Item 706.24, TSUS, consists of luggage which is wholly or in part of a fabric coated or filled with nontransparent plastic, said nontransparent plastic forming the outer surface of such luggage.

2. That the subject entry was liquidated on May 4, 1965, and the subject protest was filed on June 17, 1965 under Sec. 514 of the Tariff Act of 1930 against the assessment of duties made at that time, and said protest is pending for decision by this Court.

3. That within 120 days after the date of enactment of Public Law 89–241, 89th Congress, approved October 7, 1965, to wit, on January 11, 1966, a request was filed with the Collector of Customs at the port of entry for reliquidation and reclassification of said merchandise as luggage of plastic under Item 706.60, TSUS, by virtue of the provisions of Sec. 15(a) of said Public Law 89–241.

4. That the subject protest may be submitted on this stipulation, the same being limited to the merchandise assessed under Item 706.24 and marked "A".

In view of this stipulation, which is accepted as an agreed statement of fact, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the commodity specialist on the invoice accompanying the entry covered by the protest herein is subject to duty by virtue of section 15(a), Tariff Schedules Technical Amendments Act of 1965, at 20 per centum ad valorem under item 706.60, Tariff Schedules of the United States, as luggage in chief value of fabrics coated or filled, or laminated, with rubber or plastic.

The protest is sustained and judgment will be entered for the plaintiff.